3-15-0705 People in the State of Illinois, Appellee by Jasmine Morton v. John Douglas, Appellant by Mario Clattis Mr. Clattis, may I proceed? Good morning, Your Honors. Counsel, may it please the Court, I'm Mario Clattis, an Assistant Appellate Defender with the Office of the State Appellate Defender and I represent the Defendant Appellant, John Douglas. Your Honors, in this case, Mr. Douglas pled guilty to one count of criminal sexual assault and for an agreement with the State, he received 14 and a half years in prison. On appeal, he's raised two issues. First, that the trial court did not conduct an adequate inquiry into his pro se claim that post plea counsel was ineffective. And second, that the court should vacate various fines and fees that were imposed by the circuit court clerk. Today, I want to focus on the first issue, but I do want to briefly address one aspect of the fines and fees issues. One point of contention on appeal was the effect of the Supreme Court's decision in People v. Casselberry and how that decision affects claims like these. Douglas argued that he could raise the claim here and that this court was prohibited by Casselberry from remanding the case for the imposition of any mandatory fines that the circuit court may not have imposed. After briefing was done in this case, last month, this court issued two opinions, People v. Wade, 2016, elapsed third, 1504017, and People v. Carter, 2016, elapsed third, 140196. In both of those opinions, this court held that Casselberry actually bars remanding cases like these for the imposition of mandatory fines. The state actually conceded the point in Wade. I acknowledge that Your Honor, Justice Wright actually dissented in Carter. Last week, I filed a motion at the court to cite these opinions in Douglas' case, and I emailed, yesterday I emailed a copy of the motion to opposing counsel. Wade and Carter are essentially dispositive on almost all the fines and fees that were challenged in this appeal, and I'm asking the court to consider those decisions when it judges Douglas' case. As for the Krinkle issue, Your Honor, in the legal principles that govern claims like this are really clear. In a criminal case, the defendant has the right to the effective assistance of counsel at every critical stage of the proceedings against him. That includes post-plea motion proceedings. That includes sentencing. In order to protect this right, when a pro se or when a defendant files a pro se motion alleging that his attorney is ineffective, the trial court is required by well-established case law to conduct an inquiry into the defendant's claim. This inquiry or inadequate inquiry under these cases has two parts. The court first has to understand the claim. Then the court has to evaluate the claim for potential merit. To understand the defendant's claim, the court can do a number of things. The court can speak to the defendant about his claims. The court can judge counsel's performance on the court's own knowledge of counsel's performance in this case. The court can look at the defendant's claims to determine whether they're facially insufficient. But normally, in most cases, the court is going to have to speak with counsel about what the defendant is alleging. In this case, like most cases, that was necessary because Douglas' ineffective assistance claims essentially involved matters outside the record. In February 2013, he filed a motion titled A Motion for Ineffective Assistance of Counsel. In this motion, he alleged, among other things, that his attorney was not communicating with him about the case. In other words, that counsel was neglecting the case. This involved facts outside the record, and in terms of counsel's performance, counsel hadn't really done anything in this case yet. Counsel appeared in court in January 2013 when he was appointed. Counsel appeared in court in February 2013 to ask for a continuance. And the third and final time counsel appeared in this case was when he was discharged. Counsel filed one motion in the case that essentially copied and pasted one claim Douglas had raised in a pro se motion filed previously. When the parties appeared in court the day counsel was discharged, the court at that point had a duty, and the state doesn't dispute this, the court had a duty to investigate these claims, to inquire into Douglas' claims of ineffective assistance. And because these claims involved matters outside the record, the court, at the very least, would have to turn to counsel and say something like, tell me about these claims. He's alleging you're not communicating, you're essentially neglecting the case, tell me about this. Have you talked to him? Have you discussed the claims he wants to raise? What have you done in this case? It wouldn't have taken much. That's all the court had to do, and the court didn't do it. Possibly part of the problem here was it's not clear from the record whether the court even read Douglas' motion alleging ineffective assistance. The record doesn't clearly show that. At one point during the proceeding that day, the court told Douglas, I'm not going to read any of your pro se motions unless you go pro se, or sorry, unless you waive counsel. So we don't have anything in the record that shows the judge actually read this motion. When, at the start of the hearing, counsel told the court, Your Honor, before we start, basically, the first thing counsel says is my client wants to represent himself. That's not an accurate description of the motion that Douglas filed. The motion, again, was titled Motion for Ineffective Assistance, and he complained about this particular attorney. Again, at this point, the court had to conduct some inquiry. I'm not talking about an evidentiary hearing or anything like that, but the court was going to have to turn to counsel and at least find out, have you talked to him? Have you met with him? Have you done what is required of you in cases like this? I know here in this guilty plea case, counsel filed a motion to withdraw the guilty plea. Counsel did not file a 604D certificate. Had counsel done that, some of this might have been resolved because that motion would have affirmed I met with the defendant, I talked about this case, I tried to determine his complaints about the plea proceedings and or sentencing. That might have addressed what a crinkle inquiry would have, you know, what the court would have determined during a medical crinkle inquiry. Again, counsel didn't file one. He just filed the motion, didn't submit anything with it. And so we don't know from the record what exactly counsel did to address the claims that Douglas wanted to raise post-plea. The court's inquiry, I mean, again, given that Douglas is alleging things outside the record, the court had some duty, had a duty to inquire into these claims and at least determine what counsel had done in the case and whether there was any potential merit to Douglas' ineffective assistance claim, meaning possible neglect of the case. What specifically in either the written motion or his comments gave the judge an obligation to inquire further? I think the fact that he specifically alleges in the title of the motion ineffective assistance of counsel and then tells the court he's not communicating with me. I've written him many letters. I've called him many times. He's not communicating with me about upcoming aspects of this case. I mean, I'm not. Had the court inquired, maybe nothing comes of that for any number of reasons, but we don't know because the court didn't ask. All the court had to ask is, you know, Counselor, you're appointed to help this man in these post-plea proceedings. He's saying you're not communicating with him about upcoming aspects of the case and the claims he wants to raise. Have you communicated with him? Have you talked to him about the claims he wants to raise? That's all counsel would have to do. That's really all the court had to ask to determine whether counsel has done that bare minimum. And if the court does that and counsel says, you know, and this is speculation because I don't know because the court didn't ask, maybe counsel says, yes, I've met with him. We talked about these claims and I'm raising what I think I can raise. Or maybe counsel says, I've got a lot of cases. I haven't been able to get to this case. I haven't met with a defendant. You know, I told him I was raising this claim. That's it. And from there, the court might have some decisions to make. But at the very least, Crankle and the cases subsequent to Crankle, the inquiry itself, the need for the inquiry was triggered by the defendant's claim, by the defendant's pro se motion. And at the very least, the court had to do that, at least figure out whether there's potential merit to this claim, at least figure out whether there's possible neglect of the case here. And the court didn't do it. On appeal, the state doesn't dispute that a Crankle inquiry was required. The parties only dispute is whether what the judge did was adequate under Crankle. And, again, in the normal case, there's got to be some exchange between the court and appointed counsel. Here, there really wasn't. Counsel tells the court he wants to go pro se, that's it. We don't know if the judge read the motion and we don't have any exchange between the court and counsel about what counsel did in this case leading up to this day. The court's inquiry here was just inadequate and remand is required for inadequate inquiry into these claims. Maybe there's nothing to them, maybe there is. We are all forced to speculate because the court didn't do its job when Douglas filed this pro se motion. As to what should happen on remand,  At the hearing before Douglas went pro se, the judge told Douglas, well, you've burned through three attorneys. It doesn't sound like much, but one of these three attorneys is someone Douglas is currently alleging was ineffective. And so to the extent that the judge is going to have to determine whether there's anything to that, the judge has already shown himself to be a little dismissive of the claim. And by even just framing it this way, as Douglas having burned through three attorneys, it sounds like the court is putting it on him to, or at least blaming him for the fact that he's discharged previous counsel. That is something that has to be determined. If those attorneys were ineffective, that's going to have to be determined by the court after a proper inquiry, after some kind of hearing. I'm also noting that at the post- I mean, the defendant had burned through three attorneys, had he? The defendant had discharged three attorneys. I don't know that it's fair to say he burned through them. If he's got legitimate complaints against these attorneys, I don't think that's fair. To me, to my mind, that sounds like the judge is prejudging the case to some degree. I mean, I think when he's calling it that, and again, one of those attorneys is someone he's currently alleging ineffective assistance. Well, of course it is. I mean, it's got to be one of the attorneys he's alleging ineffective assistance, or he wouldn't be here. But if the question on remand is whether a new judge has to evaluate these pro se claims, the judge here has already indicated, I think you burned through this guy. You did this. Wow. This judge also sat through all these proceedings, right? Did this judge handle this case from beginning to end? Yes, through most of the proceedings, yes. As with the court's comments at the end of the post-plea hearing and at sentencing, the judge told Douglas at one point, you know, I would like to give you a lot more time at the end of the sentencing hearing. The judge told Douglas what you would draw your plea if I thought I could give you 50 years in prison. The judge backtracked from that almost immediately. I think the court probably recognized that it was inappropriate. But I think these comments indicate a little bit of hostility, a little bit of ill will, and a little bit of distrust towards Douglas. I maintain that the court has shown, the record shows, the court may not be able to be neutral toward this defendant at this point and about this particular claim. Didn't the defendant, when they were in court in April, say that he wanted to represent himself? He said, you know, not getting ahold of the attorney of a sheet, and I'd be better off if I went pro se. And so this is after the sheets announces that there's a breakdown and he wants to withdraw. What she told the court is my client wants to represent himself. So then the judge has a conversation with the defendant and it seems that the defendant confirms that. It says, I'd be better off if I went pro se and having trouble getting ahold of him. And then Douglas said something, that they disagreed about the case when they did get together. And so, I mean, he did ask him, right, if he was seeking to go pro se or if he wanted to get another attorney. Because didn't he say he was giving him admonishments about waiving? The waiver of counsel question is separate. The court can ultimately get to the waiver of counsel question, but the court's duty to conduct this inquiry was triggered by the pro se motion, which the court had, which Douglas filed before this hearing. And until the court does that, the waiver of counsel is a separate issue. The court has to do this inquiry, and the state doesn't contend on appeal that it wasn't required. The court has to conduct this inquiry. At the end of this inquiry, then there's another decision. Well, you know, your attorney, maybe he's neglecting the case. Maybe I find he's neglecting it or possibly neglecting the case. Maybe the judge finds he's not neglecting the case. Either way, at that point, Douglas can waive counsel. But the court does have to do this inquiry, and the court did not do it. Was it the inquiry with the defendant about, you know, if you wanted to go pro se, you're having trouble getting a hold of him, you're not happy with him. Isn't that the opportunity for the defendant to explain some of the problems? I think it's an opportunity for the defendant to explain some of the problems, but the court's got to ask counsel. When he's alleging he hasn't communicated, he's not communicating with me, the court, in the normal case, Crankle requires some exchange between the court and counsel. And here the court just didn't do it. The court's got to at least ask him, look, he's saying you're not communicating. You're basically neglecting the case. Like, tell me what you've done, or at least have you met with him? Have you talked about these claims? At the very least, the court has to do that. So for all the reasons we've argued, Your Honors, we're asking the court to remand the case for an adequate inquiry into the defendant's pro se claim of ineffective assistance, and we also ask that the court order that a different judge conduct the hearing. Thank you. May I ask you a question, please? Yes. I have a question about how the sentence of 14 1⁄2 years came into being. Was this a fully negotiated plea? The court had some leeway. There was a cap. As I remember, there was a cap on the plea, or on the sentence. It was capped at 14 1⁄2 years. So the defendant filed a post-trial, pro se post-trial motion to reduce his sentence. Was that heard on remand? It wasn't heard on remand. It was among the motions that he filed. I forget now when he filed that particular one. It's not an issue here, and I think he had to do more than file that, but he filed other motions that did challenge the plea itself. But he also challenged the sentence. He did. Did he challenge the amount of court costs or the award of court costs? He did not, no. Or the lack of funds? No, he did not. So do you think that issue regarding the amount of money that was ordered by the court has been forfeited? I don't because it's void. Again, the circuit clerk, to the extent that the things the clerk imposed are fines, they're void. How did they become part of the court order? Did the judge include the clerk's total? The judge, as I recall, the judge said the clerk could impose costs, so that would cover anything the clerk was authorized to impose, meaning clerk costs, fees. The court didn't adopt the total that the clerk calculated a month later? No. So when it comes time to pay, isn't that when the issue becomes a right? My understanding, Your Honor, is that to the extent that this order is void or that the clerk's imposition of these assessments are void. When you say the clerk's imposition of this order is void, do you think the court's order imposing costs only is void? To the extent that the court ordered the clerk to impose things, the clerk was – Costs only. Yeah. That's not void. Why besides that? Because it's too low. It should have included mandatory fines. But the order for the payment of costs alone is not void. The court's order? I haven't challenged the court's order, and I haven't challenged any fees the clerk imposed that were authorized. Okay. So what is the void order that allows us to consider an error regarding the amount of costs? To the extent that the clerk imposed fines. But the clerk can't impose an order. Perhaps assessments that can't be collected if the state enforces the court's order to pay costs only. But I don't understand how the clerk's data entries become part of an order. You have to have a void order to avoid forfeiture. I mean, to the extent that this piece of paper is part of the court file and that can be used against the defendant to order him to pay these things, they're not authorized. The judge didn't adopt the clerk's total, though. No. So if there's a rule to show costs that's issued, can't the defendant still assert that the state cannot compel him to pay more than authorized costs? That could happen, but he can also challenge it here. He's challenging them as void. Void orders can be challenged. So why do you think the clerk's data entries qualify as a court order when the clerk does not have authority to enter an order? So are we saying that when the clerk does this in a typical case, that this would not be the type, this wouldn't be considered an order by whoever was trying to get this money from the defendant? I don't know what we're saying. I'm trying to understand the question, I guess. And I'm trying to understand the argument. What is it that is void in your mind? In my mind, to the extent that there's a piece of paper that's part of the court file that the clerk has signed off on that purports to fine the defendant, it's void. It's not authorized by law. But you would agree that it's not a court order. I agree. It's not a court order except that. And it was created a month after the judge signed the order. The judge didn't sign it, so it's not a court order in that sense. But to anyone looking at it, when they're trying to get the money from the defendant, I think it's going to be treated as a court order. Which is my point. It would become ripe if somebody is trying to get the defendant to pay that. What does the date do for the payment of costs? I don't recall. There isn't one. Okay. Okay. So I appreciate me being allowed to pick your brain a little bit on the issue. But if the defendant, in any case where the clerk or whoever imposes, let's say the clerk imposes something that's void, if the defendant can challenge something that's void in any proceeding and he's not subject to any constraints. It's a void assessment, but it's not necessarily a void order. You need a void order to avoid forfeiture. But that is my view. And as you say, I've been a minority position on this issue. So I appreciate being able to discuss it with you. I wish I had better answers for you. Maybe you have the right answers. I think there's two other judges that might agree with you. Well, if there's nothing else, I'm done here. Thank you. Thank you. Ms. Morton. Good afternoon. May it please the Court. Counsel, my name is Jasmine Morton. I represent the people of the State of Illinois in this matter. Essentially, the trial judge performed a proper criminal inquiry following the defendant's filing his pro se motion for ineffective assistance of counsel. First off, the defendant was asking to proceed pro se yet again in this case. This was his third attorney in the lifetime of his case, and honestly his fifth attorney when it comes to the entirety of the case. And this was the second time he filed an ineffective assistance of counsel pro se motion. The defendant makes clear that he hasn't been satisfied with his attorneys and he believes that he knows best. He knows the trial strategy that he has. He has the best knowledge of his case, and he continuously wants to proceed pro se from both his court-appointed counsel and the private attorney that he hired. So because he feels better equipped to do that, as he stated in his written motion and before the court, he wanted to proceed pro se. He didn't want new counsel to be appointed to him. Further, regardless of whether or not he wanted to proceed pro se, a proper inquiry was done. And the trial judge found that the actual motion lacked merit. The defendant's argument about his distaste for his attorney is really deep of both private attorneys and public defenders. As he stated in his motion, previous mishandlings of my case have left me untrusting towards attorneys and public defenders. I'm uncomfortable with the reputation of Tom Sheets, the attorney that he's filing the motion against. There's a difference of opinion between Tom Sheets and myself on how to proceed with the case. I don't agree with Tom Sheets' last allowance of the continuance, and I would rather make my own decisions on such matters. So this attorney was appointed to him in January of 2013. A continuance was filed in February, and this defendant files his motion in March. So less than two months, he has an opportunity to work with this attorney, and he's already filing an ineffective assistance of counsel motion. Not to say that he doesn't have the right to do that, but based on the defendant's written motion, based on the argument that he gave before the court, and the questions that the trial judge asked him, that was an adequate, crinkle inquiry. Based on the totality of the circumstances, the judge's view of trial counsel in court, the motions written, the arguments given, he was satisfied that based on those inquiries that he asked, that this claim had no merit. And beyond that, he asked the defendant if he wanted to proceed pro se, or if he wanted to keep his attorney. He decided to proceed pro se. And later on, on demand, a new counsel is appointed to this defendant, as he asked at that point. But beyond that, this issue is really moot. A defendant already obtained what a crinkle inquiry would have afforded him on the claim, because he received new counsel. So, on demand, that was the remedy for him, essentially. The complaint about counsel goes away when he gets a new attorney. So, this defendant's arguments were heard by the court, a proper inquiry was done, and he received new counsel in the end. So, and as it relates to counsel's argument about a new judge needed on remand, if this issue is brought before the court again, there's no bias evidenced in this case. The defendant filed a motion for substitution of judge. During the life of his case, a separate hearing was done by another judge, and it was determined that there was no need for substitution of the judge. There was no evidence of bias in the case, and we find that if this case is remanded to the trial court, the same judge will be a neutral trier of fact, as he has in the past. If there aren't any further questions, we ask the court to affirm the defendant's conviction and sentence finding that the crinkle inquiry was proper. Thank you. Thank you, Mr. Martin. Mr. Klaas? Just very briefly, Your Honors, there's two points I do want to address. The state here today, in its responsive brief, repeatedly claims that the trial court determined there was no merit to Douglas' allegations. In my reply brief, I pointed out that every time the state says the court determined there was no merit to these claims, the state never cited any part of the record, and today I don't hear any citation of the record, and it's because the court didn't do it. There's no point in the record where the judge determines that Douglas' claims have no merit. Sorry. As to whether the question is moot, I explain in my reply brief, in cases like this, the defendant has a right to counsel in terms of preparing his post-plea motion to withdraw his plea and a right to counsel at sentencing. When the case was remanded, there was no new motion, no new post-plea motion was filed, and no new sentencing hearing was held. So to say that the claim is moot, I think, kind of ignores the procedural history of the case. That's pretty much all I have in rebuttal. If the court has any questions, I'm happy to answer them. I don't see any. Thank you, Mr. Klaas. Thank you both for your arguments here today. This matter will be taken under advisement, and a written decision will be issued to you as soon as possible. And right now, we'll take a brief recess for payment.